PER CURIAM.
The defendant in the court below, appellant here, states this point on appeal:
“Whether or not the trial court erred in denying defendant’s motion to require the state to present defendant’s signed statement as evidence to the jury as part of the state’s case in chief.”
The defendant had given a confession containing some self-serving declarations, which the defense sought by motion to require the state to put into its evidence in chief. This statement not only admitted the shooting, but also contained (alleged) exculpatory matters. The court denied this motion.
The appellant testified on his own behalf that he shot in self-defense. The jury found the defendant guilty of manslaughter.
It can be readily seen how the state’s prosecution could be severely handicapped if at any time a defendant had made a confession, he could also proceed to give excuses for his asserted crime. The defendant, of course, testified directly to the events that took place at the time of the shooting when he was on the stand in the court below.
We find no error in this record and affirm the lower court.
ALLEN, C. J., PIERCE, J., and HODGES, JOHN G., Associate Judge, concur.