LILES, Chief Judge.
This marks the third time this cause has been before this court. We first heard the case on direct appeal at 188 So.2d 28. There we affirmed the jury’s conviction on a charge of manslaughter. The case then came back and we reversed a denial of appellant’s motion pursuant to CrPR 1.850, 33 F.S.A. at 211 So.2d 74 and directed the trial court to hold an evidentiary hearing to determine the validity of the charge of perjured testimony used by the state. After' hearing the testimony, the trial court entered its order denying the relief sought and the appeal of that decision is now before this court.
The record in the cause together with appellant’s brief in pro. per. has been studied, examined and considered by this court and no error has been made to appear. As was pointed out in the trial judge’s order this defendant has been afforded a full and complete hearing and the ends of justice have been overly served in this instance.
It is to be hoped that defendant will not continue this useless parade of Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix motions during his stay in prison. Defendant was indicted on a charge of first degree murder; he was represented by two public defenders; he was convicted by a jury of the lesser included offense of manslaughter; he was sentenced to a term of six months to twenty years, less his time already spent in jail; his sentence was appealed ; he was represented on appeal by the public defender’s office; his conviction was affirmed by this court; he filed his motion under CrPR 1.850 to have his sentence vacated and set aside. The trial court refused it. The appeal was processed to this court by a court appointed attorney other than the public defender’s office at the expense of Pinellas County. The decision of the trial judge was reversed with directions to take testimony on his CrPR 1.850 motion. This was done, relief was denied, and the appeal is back here again.
We cannot find error and it would seem that he has been afforded everything that justice requires.
Affirmed.
HOBSON and PIERCE, JJ., concur.